IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

DON KING PRODUCTIONS, INC.,

Plaintiff

v.                                                      CIVIL 07-1781 (JAG)

JUNGLE HOUSE, et al.,

Defendants

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION IN RELATION TO DEFAULT JUDGMENT AGAINST COLMADO TORRES, HÉCTOR TORRES MARTÍNEZ, INDIVIDUALLY, THE CONJUGAL PARTNERSHIP CONSTITUTED BY HÉCTOR TORRES MARTÍNEZ AND JANE DOE

On August 27, 2007, Don King Productions, Inc., filed an action against, among others, Colmado Torres, Héctor Torres Martínez, individually, the conjugal partnership constituted by him and his wife Jane Doe. Plaintiff was the producer and copyright holder of the closed-circuit telecast of the October 2, 2004 championship boxing match between Félix Tito Trinidad vs. Ricardo Mayorga, including the undercard or preliminary bouts. The telecast was not intended for the use of the general public. There were about 50 persons viewing the fight on one television in the Colmado Torres establishment in the late evening of October 2, 2004.

This action arises under section 705 of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 553, 605. Subject matter jurisdiction is proper under 28 U.S.C. § 1331 and 47 U.S.C. § 605.

CIVIL 07-1781 (JAG)                          2

Defendants were served with summons and copy of the complaint on January 24, 2008. (Docket No. 10.) They were not contractually authorized by plaintiff to televise the event to the public in their establishment. Upon the failure of defendants Colmado Torres, Héctor Torres Martínez, his wife Jane Doe and the conjugal partnership between them, to timely file an answer to the complaint or otherwise plead, plaintiff requested that default be entered against defendants. On March 6, 2008, the court entered default against the defendants Colmado Torres, Héctor Torres Martínez, individually, the conjugal partnership constituted by him and his wife Jane Doe. (Docket No. 18.)

On April 22, 2008, plaintiff filed a motion requesting judgment by default, with exhibits. (Docket No. 27.) The matter was referred to me on May 9, 2008 for the setting of a hearing on damages. (Docket No. 28.) Such an evidentiary hearing was held on June 6, 2008, and the testimony of Damary Cintrón was heard in relation to the issue of damages.

Having considered the motion requesting judgment by default, accompanying exhibits, and the testimony of June 6, 2008, as well as the relevant statutory authority on damages, 47 U.S.C. § 605 et seq., I find as follows:

The plaintiff has established through competent evidence, especially the testimony of security consultant Damary Cintrón, that actual and statutory damages are appropriate as a result of defendants' illegal misappropriation of

CIVIL 07-1781 (JAG)                                  3

plaintiff's transmission, based upon the approximately 50 people looking at one television screen located at Colmado Torres in the late evening of October 4, 2004 while the Felix "Tito" Trinidad-Ricardo Mayorga championship fight was being broadcast on that screen.

Pursuant to 47 U.S.C. § 553(3)(A)(ii), the maximum amount for statutory damages is $10,000 per defendant. Pursuant to 47 U.S.C. § 553(3)(B), the court has discretion to increase this to the maximum statutory provision of $50,000 per defendant, or pursuant to 47 U.S.C. § 605(e)(C)(3)(ii) for $100,000 at the court's discretion, as the violation was willful and for commercial advantage or private gain, as the complaint states. I find that defendants' violations were willful and for commercial advantage and warrant the maximum penalty, as well as maximum statutory damages. Plaintiff is also seeking reasonable attorneys' fees. Plaintiff's attorney is Glenn Carl James and has more than 15 years experience in federal litigation. Therefore, an hourly fee of $200 is not unreasonable and has been approved previously on several occasions. Plaintiff has also incurred in costs in the amount of $545. (Docket No. 27.) These costs are three summonses at $65 per summons (Docket No. 27), filing fee in the amount of $150, and $200 which was the cost of employing Damary Cintrón as the investigator in this case. Counsel reasonably dedicated eleven hours to prosecuting this action against the defendants.

CIVIL 07-1781 (JAG)                                    4

In view of the above, it is recommended that the court enter default judgment against the defendants Colmado Torres, Héctor Torres Martínez, individually, and the conjugal partnership constituted by him and his wife Jane Doe in the amount of $110,000 per defendant, plus costs and attorney's fees as detailed below, together with statutory interest thereon from the date of the order of default judgment.

- a. Pursuant to 47 U.S.C. § 553(3)(A)(ii), statutory damages of $10,000 per defendant.
- b. Statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) in the amount of $100,000 for a total in the amount of $110,000;
- c. Attorney's fees in the amount of $2,200 and costs in the amount of $545.

Because defendants are defaulted, the court is invited to adopt this report and recommendation as unopposed and enter judgment accordingly.

In San Juan, Puerto Rico, this 10th day of June, 2008.

                                    S/ JUSTO ARENAS
                              Chief United States Magistrate Judge